COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SOUTHERN MOTION, INC., § <br> Plaintiff § <br> § <br> v.  § <br> § <br> UNITED STATES OF AMERICA, § <br> Defendant § <br> § <br> § | COURT NO. 25-00033 |

# SOUTHERN MOTION INC.'S AMENDED COMPLAINT

Plaintiff Southern Motion Inc. ("Southern Motion"), by its undersigned attorneys Braumiller Law Group, PLLC files this Complaint and alleges as follows.

## CAUSE OF ACTION

1. This action is commenced to contest the denial of its Protest #2006-22-106903, concerning the country of origin of certain electric DC motors.

2. The merchandise subject to this Complaint has a country of origin of Vietnam and therefore, is not subject to the Section 301 China tariffs.

## JURISDICTION

3. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §1581(a).

4. The protest set forth on the Summons was timely filed.

5. The protest set forth on the Summons was denied by Customs on July 30, 2024.

6. The Summons was filed on January 27, 2025, and all liquidated duties have been paid.

## STANDING

7. Southern Motion has standing to commence this action to contest the denial of a protest under

section 515 of the Tariff Act of 1930, pursuant to 28 U.S.C. §2631(a), as the party who filed a protest under section 514 of the Act.

## COUNT 1

### *Background*

8. Southern Motion was founded in 1996 in Pontotoc, Mississippi. The company manufactures reclining furniture that utilizes DC motors.

9. The supplier and manufacturer of the DC Motors in this case is Kaidi Electrical Co. LTD.

10. Kaidi Electrical Co. LTD has a China branch ("Kaidi China").

11. Kaidi Electrical Co. LTD also has a Vietnamese branch, Vietnam Kaidi Electric Co, Ltd. ("Kaidi Vietnam").

12. The address of Kaidi Vietnam is Baopeng County – Laixing Community – Bao Peng Industrial Zone, Binh Duong Province, Vietnam.

13. The subject DC motors were manufactured by Kaidi Vietnam.

14. The country of origin of the DC motor part numbers at issue is Vietnam.

15. The subject DC motors were exported from Vietnam and admitted into Southern Motion's Foreign Trade Zone ("FTZ") on a 214 admission.

16. Southern Motion's FTZ number is 158000G002. The address of Southern Motion's FTZ is 298 Henry Southern Dr., Pontotoc, MS 38863.

17. The merchandise subject to this litigation was admitted into the FTZ on different dates and from different containers.

18. The subject merchandise was admitted into the FTZ between April and August 2021.

19. Because the merchandise subject to this litigation was admitted into the FTZ on different dates and from different containers, there is a total of 10 invoices. A copy of each invoice has been

provided as **Exhibit A**.

20. The total value of the invoices does not match the value declared to Customs when the merchandise left the FTZ because not all of the motors that were on the invoices provided left the FTZ at the same time.

21. The different containers that included the subject merchandise match the information listed on the relevant bills of lading at the time the goods were admitted into the FTZ. For a copy of all bills of ladings, *see* **Exhibit B**. For a copy of all 214 admissions, *see* **Exhibit C**.

22. The DC motor part numbers at issue that were admitted into the FTZ are: (1) 37-1000, (2) 37-10013, (3) 37-10023, (4) 37-10025, (5) 37-1007, (6) 37-1008, and (7) 37-10081. For additional information, *see* **Exhibit D, Pages 3 and 9 (Proforma Invoice Report)** that outlines the different DC motor part numbers, FTZ admission dates, quantity, and values.

23. While each DC motor has slightly different components, they are essentially the same for the country of origin analysis at issue in this litigation. A copy of the bills of materials for each of the different DC motors is being included as **Exhibit E**.

24. All of the merchandise at issue was exported by Kaidi Vietnam. *See* **Exhibit B**.

25. Southern Motion uses QAD software for all of its merchandise that is admitted into the FTZ.

26. When the merchandise was admitted into the FTZ, the manufacturer identifier that was used in QAD was CNKADELE4CHA. *See* **Exhibit C.**

27. CNKADELE4CHA is the manufacturer identifier for Kaidi China.

28. The correct manufacturer identified that should have been used was VNKAIELE128BEN.

29. VNKAIELE128BEN is the manufacturer identifier for Kaida Vietnam.

30. The incorrect manufacturer identifier was inadvertently used in QAD. The Company historically imported the merchandise from China. However, the supplier opened an additional

factory in Vietnam which is where the subject merchandise was sourced from.

31. This inadvertent error led to the merchandise being admitted into the FTZ as if it were country of origin China. *See* **Exhibit C**.

32. On October 11, 2021, the merchandise was released from the FTZ and entered the U.S. for consumption.

33. The entry number for all of the subject merchandise is ARV-5102543-0. *See* **Exhibit F**.

34. The entry lines at issue are 12 through 21. The other entry lines are not relevant for purposes of this litigation.

35. Due to the merchandise being incorrectly identified in QAD, the country of origin for the DC motors on entry ARV-5102543-0 was China.

36. Because the country of origin of the DC motors was China, Southern Motion paid the 25% Section 301 tariff.

37. Southern Motion was unaware that it paid Section 301 tariffs on these items until after the subject entry liquidated.

38. On November 14, 2022, the Company filed protest # 2006-22-106903 to contest the country of origin of the subject merchandise.

39. On July 30, 2024, CBP denied Southern Motion's protest indicating that the Company had provided insufficient documentation to determine the country of origin.

<em><u>Subheading</u></em>

40. According to Section 134.1(b) (19 C.F.R. § 134.1(b)), "country of origin" is defined as the country where an article was manufactured, produced, or grown. If an article undergoes further work or material additions in another country, a substantial transformation must occur to change the country of origin.

41. A substantial transformation occurs when an article emerges from a manufacturing process with a new name, character, or use, as established in United States v. Gibson-Thomsen Co., 27 C.C.P.A. 267 (C.A.D. 98) (1940) and Texas Instruments, Inc. v. United States, 681 F.2d 778, 782 (1982).

42. The raw materials used in the manufacturing of the DC motors primarily originate from Vietnam.

43. The following components originate from Vietnam: (1) rotors, (2) stator, and (3) motor wires. *See* **Exhibit E**.

44. The following components originate from China : (1) tube assembly, (2) plastic caps, (3) end cover, (4) iron core, (5) insulation plates, and (6) worm gear. *See* **Exhibit E**.

45. In China, following operations occur: (1) slicing, (2) injection molding, (3) die stamping, and (4) CNC Lathe (a computer numerical control lathe is a machine that turns material around a central spindle and stationary cutting tool). *See* **Exhibit E**.

46. The materials are then exported from China to Vietnam where they undergo significant processing and become a completed DC motor. *See* **Exhibit E**.

47. In Vietnam, the following operations occur: (1) rotors and prepared and produced, (2) stator is assembled by putting the rotor to the stator, (3) assembly of the end camp, (4) assembly of the screws into the motors, (5) aging and testing of motor, (6) assembly of holes with plastic cover, (7) assembly of motor wires, (8) assembly of profile with motor, (9) loading testing of linear actuator to confirm the push power and self-lock power, (10) final quality check, and (11) packing of completed motor. *See* **Exhibit E** and **Exhibit G1-13** (videos of the operations that occur in the Vietnam factory).

48. Based on the operations discussed above in paragraphs 47, a substantial transformation occurs

y

in Vietnam and the completed DC motors have a country of origin of Vietnam.

49. There are several CBP Rulings that support that a substantial transformation occurred in Vietnam and, therefore, Vietnam is the country of origin.

50. In CBP Ruling N317575, dated March 5, 2021, CPB determined that the country of origin was Mexico, for a DC motor assembled in Mexico from components sourced from primarily Mexico and China and one component sourced from Serbia. In its substantial transformation analysis, CBP concluded that "the manufacturing and assembly operations, in sum, substantially transform the individual components into a new and different article of commerce with a changed name, character, and use. In CBP's view, the stator is a product of Mexico. The rotor, which is further worked, remains a product of China. However, it is the opinion of this office that the manufacturing and assembly processes performed in Mexico, taken collectively, result in a substantial transformation of the non-Mexican components and the motor is a product of Mexico."

51. As in the instant case, <u>all</u> assembly occurred in what should be the country of origin (Vietnam) because a substantial transformation occurred. Moreover, in the instant case, most components – and certainly the most essential (i.e., the rotor and stator) - were sourced from Vietnam.

52. Similarly, in CBP Ruling N302707, dated March 18, 2019, CPB determined that the country of origin was Mexico, for a motor manufactured in Mexico from components that originated in Mexico, the United States, China, and Japan. In its substantial transformation analysis, CBP concluded that "the manufacturing processes conducted with the instant electric motor consists of component-level production of the subassemblies, the assembly of the motor, and the final testing, all of which are performed in Mexico. After a thorough review of the bill of materials and the production process described in NY N301975, [CBP is] of the opinion that the

manufacturing operations that produce the motor substantially transforms the raw materials and various components into the electric motor."

53. Again, in the instant case, <u>all</u> assembly occurred in what should be the country of origin (Vietnam) because a substantial transformation occurred. Moreover, in the instant case, the majority of components – and certainly the most essential ones - were sourced from Vietnam.

## PRAYER FOR RELIEF

54. Wherefore, plaintiff Southern Motion, Inc., respectfully prays that this Court enter judgment in its favor; issue an Order that the subject imported articles country of origin is Vietnam and reliquidate the subject entry in order to provide a refund in the amount of $38,427.25; and grant plaintiff such further and additional relief as this Court may deem proper.

Respectfully submitted,

By: <u>  /s/Brandon French          </u>
    Brandon French
    Texas State Bar No. 24105634
    Email: Brandon@braumillerlaw.com
    Adrienne Braumiller
    Texas State Bar No. 02918600
    Email: adrienne@braumillerlaw.com

    Braumiller Law Group PLLC
    5220 Spring Valley Rd., Suite 200
    Dallas, Texas 75254
    Tel. (214) 348-9306
    Fax (214) 217-9303

**ATTORNEY FOR PLAINTIFF SOUTHERN MOTION INC.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document was served upon the counsel of record via the ECF system on **April 15, 2025**.

By: _/s/Brandon French_
     Brandon French
